UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ASSOCIATED TERMINALS, L.L.C,             CIVIL ACTION
401(K) PLAN

VERSUS                                   NO. 19-12697

WENDELL MACK, ET AL.                     SECTION D (4)

## ORDER

Before the Court is Defendant Gloria Mack's Motion for Summary Judgment.[1] The Motion is unopposed. After careful consideration of the Motion and the applicable law, and because the Court finds that there is no disputed issue of material fact, the Court grants the Motion.

### I.    FACTUAL BACKGROUND

This is an interpleader dispute. Leroy Mack was employed by Associated Terminals, L.L.C. ("Associated Terminals") beginning on May 3, 2002.[2] Mack was enrolled in the Associated Terminals 401(k) Plan (the "Plan").[3] That Plan specifically provided as follows:

> If you are married at the time of your death, your spouse will be the beneficiary of the entire death benefit unless an election is made to change your beneficiary. IF YOU WISH TO DESIGNATE A BENEFICIARY OTHER THAN YOUR SPOUSE, YOUR SPOUSE (IF YOU ARE MARRIED) MUST IRREVOCABLY CONSENT TO WAIVE ANY RIGHT TO THE DEATH BENEFIT. YOUR SPOUSE'S

---

[1] R. Doc. 43.
[2] R. Doc. 41-4 at 5-6.
[3] *Id.* at 5-6.

> CONSENT MUST BE IN WRITING, BE WITNESSED BY A NOTARY OR A PLAN REPRESENTATIVE AND ACKNOWLEDGE THE SPECIFIC NONSPOUSE BENEFICIARY.
>
> If you are married and change your designation, then your spouse must again consent to the change.  In addition, you may elect a beneficiary other than your spouse without your spouse's consent if your spouse cannot be located.[4]

Leroy Mack married Gloria Mack in June 1988.[5]  Gloria Mack attests that the couple never divorced or were legally separated.[6]  Leroy initially designated Gloria as the beneficiary of his 401(k) in his first Beneficiary Designation Form (the "2004 Beneficiary Designation Form").[7]  Then, in 2007, Leroy executed a Beneficiary Designation Form (the "2007 Beneficiary Designation Form"), in which he stated he was single, and that benefits from his plan were to be paid to Yolanda Edwards and Aglin Mack.[8]  The 2007 Beneficiary Designation Form lacked any signature or other writing from Gloria Mack reflecting consent or otherwise, nor did Leroy designate that he could not locate Gloria.[9]  On June 1, 2019 Leroy executed a Last Will and Testament (the "Will") leaving his estate to his son, Aglin Mack.[10]  The Will makes no mention of the 401(k) account.  The Will also states "I am married to but estranged from for the past 15 years to Gloria Mack."[11]

---

[4] R. Doc. 41-3 at 14 (emphasis in original).
[5] R. Doc. 43-2 at 1 ¶ 2., R. Doc. 43-3.
[6] R. Doc. 43-2 at 1 ¶¶ 3,4.
[7] R. Doc. 41-4 at 1.
[8] *Id.* at 8.
[9] *Id.* at 8.
[10] R. Doc. 41-5.
[11] *Id.*

Leroy Mack died on July 29, 2019.[12]   His death certificate indicates that he was married at the time of his death to Gloria Barthelemy (Mack).[13]   Associated Terminals, concerned about multiple competing claims to the death benefit of the 401(k) Plan, filed a Complaint in Interpleader with this Court.[14]   Associated Terminals later moved for leave to deposit the death benefit, which amounts to approximately $88,583.63, with the Court, and for an injunction barring further suits against Associated Terminals regarding the 401(k) Plan.[15]   The Court granted the Motion.[16]

Gloria Mack now moves for Summary Judgment.[17]   She argues that she and Leroy Mack were never legally separated or divorced, nor did she ever consent to being removed as a beneficiary.   Therefore, she contends that by the plain language of the terms of the Plan, she is entitled to the Plan's proceeds.   Although the Motion was filed on August 24, 2020, there has been no opposition filed.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[18]   When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making

---

[12] R. Doc. 43-4.
[13] *Id.*
[14] R. Doc. 1.
[15] R. Doc. 41.
[16] R. Doc. 46.
[17] R. Doc. 43.
[18] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).

credibility determinations or weighing the evidence."[19]   While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[20]   Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[21]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[22]   The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[23]   If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[24]   The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to

---

[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[20] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[21] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[22] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[23] *Id.* at 1265.
[24] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

4

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[25]

## III.   ANALYSIS

This case presents a straightforward matter of contract interpretation.  The plain terms of the 401(k) Plan provide that if a Plan participant is married at the time of his or her death, the death benefit is paid to his or her spouse.[26]  The Plan further provides that for a beneficiary to change his or her Plan designation to someone other than his or her spouse, the consent of the spouse is required.[27]  The evidence before the Court demonstrates that while Leroy and Gloria Mack may have been estranged, they were legally married at the time of Leroy Mack's death. This evidence includes Gloria Mack's affidavit,[28] Leroy Mack's Will,[29] which was executed shortly before his death, and Leroy Mack's death certificate.[30]

By the clear terms of the Plan, Gloria Mack, as spouse of Leroy Mack, would be required to consent to a beneficiary change.  There is no evidence before the Court that Gloria Mack ever consented to Leroy Mack designating anyone other than her as a beneficiary of the Plan.  Leroy Mack's 2007 Beneficiary Designation Form does not include any notice of consent from Gloria Mack, nor does it indicate that Leroy Mack could not locate her.[31] Therefore, the 2007 Beneficiary Designation Form cannot have operated to make Edwards and Algin Mack beneficiaries and Gloria

---

[25] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).
[26] *See* R. Doc. 41-3 at 14.
[27] *See id.*
[28] R. Doc. 43-2 at 1 ¶¶ 3,4.
[29] R. Doc. 41-5.
[30] R. Doc. 43-5.
[31] R. Doc. 41-4 at 8.

Mack is still entitled to the death benefit, notwithstanding Leroy Mack's 2007 Beneficiary Designation Form.

Further, Leroy Mack's 2019 Will does not operate to change the beneficiary of the Plan. Notably, the will does not mention the Plan. In fact, the Will specifically states that Leroy Mack and Gloria Mack remain married. Nor does the Will indicate any sort of consent from Gloria Mack to her right to the death benefits consistent with the Plan's terms. Courts have recognized that attempts to designate a beneficiary that do not comply with waiver requirements are ineffective.[32] As such, the Will does not alter Gloria Mack's right to the death benefit of the Plan. Finally, as noted herein, even Leroy Mack's death certificate reflects that he was married at the time of his death to Gloria Barthelemy (Mack).

In short, on the evidence before the Court, Gloria Mack is entitled to the death benefit of the Plan based on its plain terms. Although there is some evidence that Leroy Mack may have preferred the death benefit be awarded to another, any attempts to change the beneficiary of the Plan did not comply with the Plan's plain requirements. The Court also notes that Gloria Mack's Motion for Summary Judgment stands unopposed, despite pending for over two months.

---

[32] *See, e.g., Callegari v. Scottrade, Inc.*, No. 16-1750, 2016 WL 4210841, at *8 (E.D. La. Aug. 10, 2016).

IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, November 11, 2020.

                                          _Wendy B Vitter_
                                          **WENDY B. VITTER**
                                          **UNITED STATES DISTRICT JUDGE**